Guillermo Escobar Rosario, Petitioner, *v.* Registrar of Property of Mayagüez, Respondent.

No. 1047.   Submitted April 27, 1939.—Decided June 24, 1939.

*José Sabater,* for petitioner.  The Registrar did not appear.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

On the third of last March the marshal of the Municipal Court of Mayagüez appeared before a notary public and executed a deed of judicial sale in favor of Guillermo Escobar Rosario which upon being presented at the registry of property for record was the object of the following ruling:

"The record of the document is denied and in its stead a cautionary notice is made . . . for the following reasons: (*a*) Because the Municipal Court of Mayagüez had no jurisdiction to order the heirs of María Luisa Quiñones y Vélez, among which there is a minor, to execute a deed ratifying the sale of the immovable, and (*b*) because the marshal of said court can not directly assume the right, that is, the representation of the defendants Juan Barneset and the minor Esther Barneset Quiñones, in the execution of the deed."

The order to the marshal is copied in the deed and it must be known to rightfully decide the appeal filed by Escobar against the ruling.  In its pertinent part it states as follows:

"Wherefor:— . . . the following judgment has been rendered:

" 'In this case, the complainant Guillermo Escobar Rosario, of legal age, married to Teotista Rodríguez, property owner and a resident of this city, through his attorney José Sabater, has filed a complaint . . . alleging that on or about the month of March, 1925, María Luisa Quiñones y Vélez sold to said complainant and the latter bought the following farm:

" ' "URBAN, lot situated in Concordia Street, ward of Marina Septentrional of this city, having an area of two-hundred and fifty square rods (*varas*)" (the description follows).

" 'That the sale was made for the price of $350.00 which the complainant paid to the vendor María Luisa Quiñones y Vélez who received it, executing the corresponding deed which the complainant did not record in the Registry of Property of Mayagüez, and which he has not been able to find, that said property sold to the plaintiff was at the time, and is at present, recorded in the Registry of Property of Mayagüez at folio . . in the name of María Luisa Quiñones y Vélez, of legal age, single . . . ; that the aforesaid María Luisa Quiñones y Vélez married Juan Barneset in this city of Mayagüez, on July 22, 1923, and soon after the sale to the plaintiff of the property described, she sailed with her husband for the City of New York, where she had by her said husband a daughter, named Esther Barneset Quiñones; but that the aforesaid María Luisa Quiñones y Vélez died in the City of New York on April 10, 1925, leaving as her only heir her said daughter Esther Barneset Quiñones and her husband Juan Barneset both of whom live in the City of New York, the latter having as father, the patria potestad of his daughter, for which reason both are defendants in this case and that the fact of not being able to record the title of said farm in the Registry of Property of Mayagüez prejudices the complainant and that he has gone to attorney Eduardo A. Ruiz, Jr., as attorney and representative of the defendants so that they will execute in favor of the complainant the corresponding deed of sale of the described property but that said attorney does not have authority to execute said deed and that he has communicated with the defendants so that they should execute the deed but that in view of the fact of said defendants being absent from this Island in the City of New York, that it is not probable that they come to this city and that one of the defendants, is a minor, the complainant is forced to file said complaint to duly obtain his title to the property. And lastly, the complainant alleges in his complaint that the described property is not worth more than $350 for which reason he prays this court to render judgment decreeing that the defendants Juan Barneset, in his own right and also as father . . . . with patria potestad over his minor minor daughter Esther Barneset and the latter execute a deed of sale of the farm described in the first paragraph of the complaint in favor of the complainant, with all its appurtenances and ratifying the previous sale, . . . and once the judgment is final and as

the defendants are absent, that the corresponding order given to the marshal of this court in order that he executes in the name of the defendants the necessary deed of sale . . . that the defendants have appeared . . . represented by their attorney Eduardo A. Ruiz, Jr., who has fild a motion agreeing to the complaint . . . because it is true that María Q. Vélez, from whom the defendants inherited, sold the urban farm described in the first paragraph of the complaint to the complainant for the price of $350 which he received; . . . for which reason the defendants are in agreement and consent that a judgment be rendered . . . according to the prayer . . . ; THERE-FOR: This court, by virtue of the fact that the defendants have agreed, renders judgment in this case decreeing that the defendants Juan Barneset in his own right and also as father with *patria potestas* over his minor daughter Esther Barneset y Quiñones, and the latter execute in favor of the complainant a deed of sale to the farm described in the first paragraph of the complaint with all its appurtenances, thereby ratifying the previous sale, . . . and that as this judgment is final on the moment it is rendered by reason of the agreements of the defendants, . . . the secretary of this court is ordered to issue the corresponding writ of execution to the marshal who shall execute in representation of the defendants the necessary deed of sale, . . . in favor of the complaint, all without any special awarding of costs.' ''

We shall limit ourselves to consider the question of jurisdiction involved.

In the ruling it is stated that the municipal court "had no jurisdiction to order the heirs of María Luisa Quiñones one of which is a minor, to execute the deed ratifying the sale of the inmovable". The petitioner challenges it, citing decisions of this Court in the following administrative appeals: *Flores* v. *Registrar*, 19 P.R.R. 967; *Sabathie* v. *Registrar*, 23 P.R.R. 302; *García* v. *Registrar*, 23 P.R.R. 394; *Rivera* v. *Rivera*, 24 P.R.R. 159; *Pujals* v. *District Court*, 40 P.R.R. 87, this latter decision reversing the case of *Colón* v. *Registrar*, 38 P.R.R. 586, which limited the jurisdiction of municipal courts to the collection of money.

We have examined all the cases cited and in our opinion the question to be decided must be decided in accordance with

the jurisprudence established in the case of *García* v. *Registrar*, 23 P.R.R. 394 which is later than the case of *Sabathie* v. *Registrar*, 23 P.R.R. 302, on which at length the petitioner relies.

In the syllabus of the case of *García, supra,* it is said:

"A complaint was filed in a municipal court-praying that a minor be ordered to execute a deed of sale to a real property sold by his father who died without receiving the purchase price, which amounted to only one hundred dollars. *Held:* That in view of the subject-matter involved the municipal court had no jurisdiction of the action."

And the opinion, page 397, closes as follows:

"As we have said, the case of García Rivera now under consideration involves the ratification of a sale of realty said to have been made before his death by the father of the minor defendant. Consequently, the lack of jurisdiction on the part of the municipal court is manifest. The district courts have jurisdiction in such cases inasmuch as the Legislature decided that one of their duties should be the supervision of the persons and property of minors."

Years later and as a result of a restriction of the jurisdiction of the municipal courts to claims for money by the decision of *Colón* v. *Registrar*, 38 P.R.R. 586, the question was again amply reviewed in *Pujals* v. *District Court*, 40 P.R.R. 87, and if it is true that said case of *Colón* was reversed by jurisprudence being established in the following words: "Insular municipal courts have jurisdiction in all civil matters wherein the amount in controversy does not exceed $500 or where the subject matter involved is susceptible of valuation or assessment and does not exceed the above amount, with the exceptions already established by the jurisprudence", it can be seen that it was stated "with the exceptions already established by the jurisprudence", two being enumerated, to wit: that of the case of *García, supra,*—minors—and that of the case of *Valdivieso* v. *Rivera*, 19 P.R.R. 669, —foreclosure of a mortgage.

The jurisprudence of the said case of *Garcia* v. *Registrar*, 23 P.R.R. 394, is still in force and we have said and have been able to prove that applying it to the facts of this case in which the question of the ratification by a minor of a sale of an inmovable which is alleged to have been made during the life of one of his parents, upholds the refusal of the registrar.

The appeal therefore should be dismissed and the ruling appealed from affirmed.

Mr. Justice Travieso took no part in the decision of this case.